IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DANIELLE SHANNON GAILES                                                    PLAINTIFF

V.                                                            NO. 4:15-CV-5-DMB-DAS

ANGELA BROWN, ET AL.                                                     DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is the *pro se* prisoner complaint of Danielle Shannon Gailes, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For purposes of the Prison Litigation Reform Act, the Court notes that Plaintiff was incarcerated when he filed this suit. For the reasons below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**I**
**Factual Allegations**

Gailes alleges that the defendants failed to provide him with adequate medical care for three ongoing medical problems.[1] First, the right side of Gailes' body is partially paralyzed, a condition arising from a 1994 gunshot wound to the left side of his head. The partial paralysis left Gailes with an uneven gait, which in turn caused hip and leg problems. The problems worsened after Gailes underwent surgery on his left knee, and he has sought relief on many occasions for this chronic condition.

Gailes' second condition is an infection in his navel, which at different times has been diagnosed as a fungus or Methicillin-resistant Staphylococcus aureus. His third problem is a recurring fungal infection on the skin of his legs.

---

[1] Gailes attached several documents to his complaint describing a host of medical problems; however, in the complaint itself (including the prayer for relief), he identified only three allegations of denial of medical care: (1) treatment for leg and hip trouble, (2) treatment for infection of his navel, and (3) treatment for a fungal infection on his legs.

# A
# Leg and Hip Problems

Gailes has been examined and treated for his right hip and leg problems by Mississippi Department of Corrections doctors—Dr. Angela Brown and Dr. David Levie. On April 30, 2014, Dr. Brown examined Gailes regarding his hip and leg trouble, and in May 2014 she requested that he be issued shoes from the Hanger Clinic, a specialty shoe store. Then, on August 15, 2014, while Dr. Levie was examining Gailes for another medical problem, Gailes showed the doctor the difficulty he was having with his right hip and leg. Because Dr. Levie could not find Dr. Brown's request for specialty shoes in the system, he put in an additional request. Gailes alleges that, to date, he has not received a pair of specialty shoes.

Medical staff members also approved Gailes for a "boot profile" to offer some relief from his hip and leg problems, and he was issued WalkFit Platinum orthotics, as well as SofComfort insoles—though Gailes complains that neither has provided adequate relief.

# B
# Infection of the Navel

Since 2011, Gailes has had a recurring naval infection for which he has been examined and treated many times. Nurse Burchfield was the first to treat the infection when Gailes was housed at Unit 30 at the Mississippi State Penitentiary. She took a culture and sent it for laboratory testing, which revealed that Gailes had a staph infection. Nurse Burchfield prescribed pills for Gailes to take for 30 days. The infection initially cleared up but later returned. Nurse Burchfield then sent Gailes to the Mississippi State Penitentiary Hospital in Unit 42, where he received injections for three days. Again, the treatment seemed to work, but Gailes' navel became infected again in 2012. Thereafter, Dr. Kim prescribed pills, which temporarily cleared up the infection. In early 2013, Dr. Santos examined Gailes' navel and did not see anything wrong. However, in May 2013, staff at the hospital where

Gailes was scheduled to undergo surgery on his left knee determined that the naval infection was caused by Methicillin-resistant Staphylococcus aureus. Gailes received a round of antibiotic pills and returned for surgery on June 6, 2013. On June 23, 2014, Dr. Madubuonwu, the MDOC Medical Director, took Gailes' medical history, examined his navel, and treated him with Clotrimazole 1% (an antifungal medication), though Gailes told him that treatment with Clotrimazole had proven ineffective in the past. On September 2, 2014, Gailes visited Dr. Blackwell, who treated the infection with Sebex (a dandruff shampoo), Tolnaftate 0.1% foot powder (antifungal medication), and Bacitracin ointment (an antibiotic). Finally, Dr. Angela Brown examined Gailes' navel and treated it with one 150 mg tablet of Fluconazole (an antifungal medication).

### C
### Fungal Infection of the Legs

Gailes has also suffered from chronic fungal infections of the skin on his legs since 2007. Starting in 2011, the infection flared up and has been treated at least four times. Gailes received treatment for the fungal infection each time he requested it, and each treatment rid him of the infection.

### II
### Legal Standard

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts that demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment … whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care …." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless a plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.

Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations marks and citations omitted).

### III
### Discussion

Gailes' allegations in this case must be dismissed for failure to state a claim upon which relief could be granted. As to the infections involving Gailes' navel and legs, medical personnel examined and treated him each time he filled out a medical request form. Although the infections recurred over the years, Gailes was examined and treated with each recurrence. Understandably, Gailes is extremely frustrated that these treatments have not permanently cured his ailments. However, this frustration and disagreement with his doctors' chosen course of treatment does not rise to the level of a constitutional claim, and these allegations must be dismissed. *Gobert*, 463 F.3d at 346.

The only claim requiring further discussion is the allegation regarding the provision of orthopedic shoes to give Gailes relief from pain in his hip and leg. Though Gailes expresses frustration at Dr. Brown throughout his complaint, he acknowledges that she examined him for this condition and ensured he received WalkFit Platinum orthotics and SofComfort insoles. Dr. Brown then recommended that Gailes receive orthotic shoes from the Hanger Clinic to even out his gait. As Dr. Brown's actions operated to help Gailes receive the treatment he was seeking, these allegations do not state a claim against her. *Id*.

In addition, the only other defendants in this case are Dr. Santos and Dr. Paul Madubuonwu, the Medical Director. The Court has reviewed the complaint and can find no allegations against either doctor regarding treatment of Gailes' hip and leg problems. Thus, as these allegations do no state a claim against any of the defendants, they must be dismissed.

## IV
## Conclusion

In sum, none of Gailes' allegations set forth a constitutional claim, and the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue.

**SO ORDERED**, this 23rd day of June, 2015.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**